NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STANLEY A. SANSONE,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES PATENT AND TRADEMARK OFFICE, UNITED STATES PATENT AND TRADEMARK OFFICE DIRECTOR, JOHN A. SQUIRES, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Defendants-Appellees*

---

2025-2017

---

Appeal from the United States District Court for the Eastern District of Virginia in No. 1:24-cv-00019-RDA-WEF, Judge Rossie David Alston, Jr.

---

Decided:  June 24, 2026

---

STANLEY A. SANSONE, Houston, TX, pro se.

MATTHEW JAMES MEZGER, Office of the United States Attorney, Alexandria, VA, for defendants-appellees.  Also

represented by TODD W. BLANCHE, LINDSEY HALLIGAN;
SARAH E. CRAVEN, SHEHLA WYNNE, Office of the Solicitor,
United States Patent and Trademark Office, Alexandria,
VA.

_____

Before REYNA, MAYER, and HUGHES, *Circuit Judges.*

PER CURIAM.

Stanley A. Sansone appeals the United States District
Court for the Eastern District of Virginia's memorandum
order dismissing his case and denying his motion for sum-
mary judgment. For the reasons below, we affirm.

I

Mr. Sansone, proceeding pro se, filed U.S. Patent Ap-
plication No. 16/255,511 on January 23, 2019, seeking a
patent for a wearable thermal device. The patent examiner
rejected all claims in the '511 application. The Patent Trial
and Appeal Board affirmed the rejection, after which
Mr. Sansone sought continued examination. During con-
tinued examination, the examiner issued a second non-fi-
nal rejection of all claims. Mr. Sansone amended the
'511 application again on January 3, 2022. Following the
examiner's second final rejection, the Board affirmed the
rejection on July 19, 2023.

Following these events, Mr. Sansone filed suit against
the USPTO and its Director (collectively, Defendants) in
the United States District Court for the Eastern District of
Virginia. After his original complaint was served, Mr. San-
sone filed an "Amended Pleading, Opening Brief," *Sansone
v. United States Pat. & Trademark Off.*, No. 24-cv-00019,
ECF No. 14 (E.D. Va. Apr. 22, 2024), and an "Opening
Brief, Amended Pleading with Supporting Documents &
Footnote References," *id.*, ECF No. 15 (E.D. Va. May 16,
2024). Although Mr. Sansone failed to seek leave to amend,
the trial court accepted these filings as amended

complaints given his pro se status.[1] *See Sansone v. United States Pat. & Trademark Off.*, No. 24-cv-00019, 2025 WL 696527, at *2 n.3 (E.D. Va. Mar. 4, 2025) (*Decision*).

On June 17, 2024, Defendants moved to dismiss Mr. Sansone's Complaints under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *Sansone*, No. 24-cv-00019, ECF No. 16 (E.D. Va. June 17, 2024). Mr. Sansone opposed, arguing in part that the motion was untimely, and shortly after moved for summary judgment. *Sansone*, No. 24-cv-00019, ECF No. 23 (E.D. Va. Aug. 6, 2024). On March 4, 2025, the trial court granted the Defendants' motion to dismiss. *Decision*, 2025 WL 696527, at *7. The trial court construed the Complaints to assert: (1) civil rights claims under 42 U.S.C. §§ 1983 and 1985; (2) claims under various criminal statutes; (3) a claim under the Federal Tort Claims Act (FTCA); (4) various constitutional claims; and (5) a claim for contractual damages. *See id.* at *4–7. The court concluded Mr. Sansone's Complaints failed to adequately state a claim for relief or suffered from other deficiencies that warranted dismissal, and his action was dismissed. *Id.* The trial court also rejected Mr. Sansone's assertion that the motion to dismiss was untimely, *id.* at *3 n.6, and denied his other pending motions, including a motion for summary judgment, which was found to be premature, *id.* at *1 n.2. The Complaints were dismissed without leave to amend. *Id.* at *12.

Mr. Sansone timely appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).[2]

---

[1]    Because both filings are "substantially similar," *see Decision*, 2025 WL 696527, at *1 n.3, we, like the trial court, look to and rely on both amended complaints (collectively, Complaints).

[2]    Since Mr. Sansone's claims generally arise under the patent laws, as he generally challenges the USPTO's

## II

This court reviews procedural issues not unique to patent law under the law of the regional circuit. *See, e.g.*, *Madey v. Duke Univ.*, 307 F.3d 1351, 1358 (Fed. Cir. 2002). The Fourth Circuit reviews a dismissal under Federal Rules of Civil Procedure 12(b)(6) de novo. *Id.* at 1358; *Turner v. Thomas*, 930 F.3d 640, 644 (4th Cir. 2019). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[T]he court need not accept the [plaintiff's] legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (internal quotation marks omitted).

When reviewing a Rule 12(b)(6) motion to dismiss, courts are generally unable to look beyond the four corners of the complaint, documents explicitly incorporated by reference, and attached exhibits without converting the motion to dismiss to one for summary judgment. *See, e.g.*, *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016); *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015). There are some circumstances, however, when courts can rely on extrinsic materials. *See Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015). For instance, courts may take judicial notice of "matters of public record," *Philips v. Pitt*

---

examination of his patent application, the parties agree that our court has jurisdiction over his appeal under 28 U.S.C. § 1295(a)(1). *See Wyden v. Comm'r of Pats. & Trademarks*, 807 F.2d 934, 936–37 (Fed. Cir. 1986) (holding our court has jurisdiction when claim "ar[ose] under an Act of Congress relating to patents" and was "based at least in part on 28 U.S.C. § 1338" (citation omitted)).

*Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009), and other information that constitutes "adjudicative facts" under Federal Rule of Evidence 201, *Zak*, 780 F.3d at 606–07; *see also* Fed. R. Evid. 201(b). Furthermore, "a document attached to a motion to dismiss may be considered when evaluating a motion to dismiss if the document was 'integral to the complaint and authentic.'" *Goines*, 822 F.3d at 164 (quoting *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)).

Denials of summary judgment are also reviewed de novo, "applying the same legal standards as the district court, and viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." *Villa v. CavaMezze Grill, LLC*, 858 F.3d 896, 900 (4th Cir. 2017); *see Betton v. Belue*, 942 F.3d 184, 190 (4th Cir. 2019).

## III

Mr. Sansone's appeal raises a litany of arguments and seeks several forms of relief, although his exact issues on appeal are not quite clear.[3] Mr. Sansone asserts that Defendants' motion to dismiss was untimely, which he argues should have entitled him to summary judgment. Mr. Sansone also appears to assert, among other things, that the district court misconstrued his complaint. And this mischaracterization of his claims, according to Mr. Sansone, caused the trial court to incorrectly analyze and dismiss his allegations.

---

[3] While Mr. Sansone provides a statement of issues presented, his statements are framed broadly. Given Mr. Sansone's pro se status, we construe his briefs liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A

Mr. Sansone appears to challenge the dismissal on the grounds that the Defendants' motion was untimely. According to Mr. Sansone, the Department of Justice was served on April 11, 2024, but moved to dismiss on June 1, 2024—seven days late. S*ee* Appellant Br. 16. Mr. Sansone's allegations are inconsistent with the record. When filing suit against the United States, including its agencies, the Federal Rules of Civil Procedure require service, in relevant part, on both the United States Attorney General and the local United States Attorney's office.[4] Fed. R. Civ. P. 4(i)(1). The United States Attorney General was served on April 11, 2024, *see Sansone*, No. 24-cv-00019, ECF No. 11 (E.D. Va. Apr. 15, 2024), but the United States Attorney for the Eastern District of Virginia was served on April 17, 2024, *id.*, ECF No. 13 (E.D. Va. Apr. 17, 2024). *See also* S.A. 18–19.[5]

Therefore, the responsive pleading deadline was sixty days from April 17, 2024, once all necessary parties were served: June 16, 2024. *See* Fed. R. Civ. P. 12(a)(2). But since June 16 fell on a Sunday, responsive pleadings were not due until "the first accessible day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(3)(A). That date was Monday, June 17, 2024—the date Defendants moved to dismiss. *See Decision*, 2025 WL 696527, at *3 n.6. Therefore, we agree with the trial court that the motion to dismiss was timely. And since the timeliness of

---

[4]    Mr. Sansone makes passing remarks regarding the fairness of the Federal Rules of Civil Procedure as applied to pro se litigants, however the Supreme Court has held that pro se litigants are not excused from complying with the rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

[5]    S.A. refers to Defendants-Appellees' supplemental appendix. *See* ECF No. 24.

Defendants' motion appears to be Mr. Sansone's only basis on appeal for why he is entitled to summary judgment,[6] we also affirm the trial court's denial of summary judgment.

B

Next, Mr. Sansone makes several arguments related to the trial court's alleged misconstruction and improper characterization of his Complaints. Mr. Sansone explains that his references to various statutes, *see, e.g.*, S.A. 62, were not to assert claims under those statutes, but were included as "evidence that the agency's actions were ultra vires, void, or taken without statutory authority," Reply Br. 8. His Complaints, he contends, alleged "ultra vires administrative acts, violations of non-discretionary duties, and constitutional deprivations." Reply Br. 13. And so the trial court's dismissal rested on a flawed premise—by mischaracterizing his allegations, it analyzed and rejected his claims under legal standards that would not otherwise have governed them. *Id.* at 13, 18.

To the extent that Mr. Sansone contends that the trial court's interpretation itself is reversible error, we disagree. As Mr. Sansone notes, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Dameron*, 171 F.4th 641, 648–49 (4th Cir. 2026) (internal quotation omitted). And "if a pro se plaintiff's complaint raises different theories, some of which are plainly vague or weak, the court should construe in favor of the strongest theories." *Id.* at 650 (citation modified). This does not mean, however, that courts are required to attempt to

---

6   The Department of Justice is participating in this action as Defendants' counsel. 28 U.S.C. § 516; *see, e.g.*, S.A. 509–10 (motion to dismiss signature block stating "Counsel for Defendants"). As such, Mr. Sansone's belief that the USPTO did not respond at all is incorrect.

"discern the unexpressed intent of the plaintiff," *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006), nor "explore exhaustively all potential claims of a pro se plaintiff that are not readily apparent from the allegations," *Jackson*, 171 F.4th at 650 (citation modified).

While Mr. Sansone contends that he cited criminal and tort statutes only as *evidence* of the USPTO's alleged ultra vires actions, rather than as bases for independent causes of action, that intent is not apparent from the face of his Complaints. *See* S.A. 62–71. Given Mr. Sansone's pro se status, the trial court was required to liberally construe his Complaints. *See, e.g.*, *Erickson*, 551 U.S. at 94. Consistent with that obligation, it reasonably interpreted his Complaints as asserting claims under the cited statutes insofar as Mr. Sansone intended to rely on them. We see no error in how the trial court interpreted Mr. Sansone's Complaints.

C

Although we find no error in the trial court's interpretation of the Complaints, we acknowledge that, in framing Mr. Sansone's allegations as claims arising under, for example, criminal and tort law, the trial court may have overlooked whether the allegations could survive dismissal as a claim that the USPTO acted beyond its authority. *See* Reply Br. 9–13 (suggesting that, by mischaracterizing his Complaints, the trial court applied incorrect legal frameworks that otherwise would not apply to dismiss his allegations). Any such error, however, is harmless because for the reasons below, we find that his claims—whether under the trial court's interpretation or Mr. Sansone's interpretation—are inadequately pled. *See McMahan v. Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers*, 964 F.2d 1462, 1467 (4th Cir. 1992) (stating appellate courts "have the power to affirm a judgment for any reason appearing on the record").

We first consider whether Mr. Sansone's Complaints, as interpreted by the trial court, are subject to dismissal, along with Mr. Sansone's arguments that apply to this interpretation. And after reviewing the Complaints in the light most favorable to Mr. Sansone, *see Philips*, 572 F.3d at 180, we agree with and adopt the trial court's reasoning for dismissal of Mr. Sansone's Complaints. *See Decision*, 2025 WL 696527, at *4–7. For example, we see no error in dismissing Mr. Sansone's criminal claims under various criminal statutes because the cited federal criminal statutes do not contain private rights of action and do not contain waivers of sovereign immunity. *See id.* at *4 (collecting cases). The same is true for the trial court's rationale for dismissing his civil rights, FTCA,[7] constitutional, and contractual damages claims. *See id.* at *4–7.

Turning to whether Mr. Sansone's Complaints are proper for dismissal under his interpretation, we consider several "supporting documents"[8] attached to and discussed

---

[7]    The trial court's minor typographical error—citing 28 U.S.C. § 2860(h) instead of 28 U.S.C. § 2680(h)—is inconsequential to our adoption of the trial court's reasoning because it is clear from the quoted language what statute the trial court considered.

[8]    The documents we consider in addition to the Complaints include: (1) the Examiner's Answer from the second PTAB appeal (Supporting Document 8), S.A. 163–79; (2) the Board's second decision (Supporting Document 9), S.A. 180–202; (3) the Examiner's non-final rejection (Supporting Document 10), S.A. 203–19; and (4) the Examiner's final rejection (Supporting Document 13), S.A. 263–86. Consideration of these documents is proper because we find them "integral to the [Complaints] and authentic." *Philips*, 572 F.3d at 180.

in Mr. Sansone's Complaints.[9] And under Mr. Sansone's interpretation of his Complaints—alleging ultra vires and unconstitutional agency action—we too find that he fails to allege facts sufficient to state a plausible[10] claim for relief. Although Mr. Sansone made many allegations as to how the USPTO exceeded its authority, his allegations rest on inaccurate characterizations of the facts and misunderstandings of the law.

Upon review of the documents attached to his Complaints, the baselessness of Mr. Sansone's allegations is clear. *See Goines*, 822 F.3d at 166 ("[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached . . . , the exhibit prevails." (citations omitted)). For example, Mr. Sansone alleges that USPTO examiners unlawfully conspired to falsify the administrative record to reject his application. But the agency action Mr. Sansone labels as "falsifying the record" amounts to nothing more than the examiners making factual findings on the prior art that he disputes. A party's disagreement with an agency's factual findings does not transform those findings into record falsification, nor does it demonstrate

---

[9] We also, like the trial court, take judicial notice of and consider the Board's first decision affirming the examiner's rejection of the '511 application, which is in the public record. *See Decision*, 2025 WL 696527, at \*2 n.5; *Philips*, 572 F.3d at 180.

[10] Mr. Sansone suggests that the trial court discriminated against him by describing his allegations as not "plausible." *See* Appellant Br. 21. Plausibility is the standard in which courts review a plaintiff's claims when facing dismissal under Rule 12(b)(6). *Iqbal*, 556 U.S. at 663 ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). There is no error, let alone discrimination, in using the term.

unlawful conduct. Mr. Sansone's allegations predicated on 35 U.S.C. § 103, *see, e.g.*, S.A. 60–66, also are based on an "indisputably meritless legal theory" premised on Mr. Sansone's misunderstandings of § 103 and patent law. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). The remainder of Mr. Sansone's allegations are either similarly frivolous with no arguable basis in law or fact or simply do not give rise to a plausible claim for relief.

We affirm the trial court's dismissal.[11]

## IV

Finally, Mr. Sansone seeks a "writ of certiorari to remedy clear" constitutional and civil rights violations. Appellant Br. 36; *see also id.* at 47 ("Appellant seeks referral for Certiorari"). It is unclear precisely what Mr. Sansone seeks, but he then argues that parts of the Patent Act of 1836 and the Leahy-Smith America Invents Act of 2011 (AIA) are unconstitutional. Mr. Sansone did not make these arguments or challenge the acts' constitutionality in his Complaints. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties

---

[11]    Mr. Sansone also seeks a writ of mandamus "ordering the PTO Director to place [the '511 a]pplication in condition for allowance and grant a patent with a 5.5-year extension, with prejudice." Appellant Br. 46. Mr. Sansone has not made the showing required to qualify for mandamus relief, *see Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380–81 (2004), which is a "drastic remedy that must be reserved for extraordinary situations," *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018) (citation modified). We therefore deny his request for mandamus relief.

cannot amend their complaints through briefing or oral advocacy.").[12] We decline to address them.[13]

## V

We have considered Mr. Sansone's remaining arguments and find them unpersuasive. For these reasons, the trial court's dismissal of Mr. Sansone's Complaints and denial of summary judgment is affirmed.

### AFFIRMED

### COSTS

No costs.

---

[12] And in any event, many of Mr. Sansone's arguments, such as the constitutionality of the formation of the PTAB under the AIA, lack merit. *See Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*, 584 U.S. 325, 336 (2018) (noting that a "determination to grant a patent" "need not be adjudicated in [an] Article III court").

[13] To the extent Mr. Sansone means to ask that we certify these issues and refer Mr. Sansone's entire case to the Supreme Court, we decline to do so. *See* 28 U.S.C. § 1254(2). To the extent that Mr. Sansone seeks that this court grant certiorari on behalf of the Supreme Court, we cannot do so. *Compare id.* § 1254(1) (no mention of court of appeals under certiorari path of review), *with id.* § 1254(2) ("By certification at any time *by a court of appeals . . . .*"). And we cannot, to the extent sought, submit a petition for a writ of certiorari on Mr. Sansone's behalf. *See id.* § 1254(1).